IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOANN COLWELL                                                                                       PLAINTIFF

VS.                                       CASE NO. 1:07CV00010 JMM

SHELTER MUTUAL INSURANCE COMPANY                                        DEFENDANT

ORDER

Pending before the Court is defendant's Motion for Summary Judgment (#14) and plaintiff's response. For the reasons stated below, the motion is denied.

I. *Facts*

On November 14, 2003, plaintiff was injured as a result of a vehicle accident. Plaintiff was a passenger in a Highland Public School bus being driven by Wanda Fowler which was struck by a 2003 Dodge pick-up driven by Shannon Henry.

Plaintiff was an employee of the Highland Public Schools which resulted in her medical treatment and other benefits being paid for by Highland Public Schools' workers' compensation carrier, the Arkansas School Boards Association Workers' Compensation Trust or its third party administrator Risk Management Resources ("workers' compensation carrier").

Plaintiff settled with Henry's liability carrier, Southern Farm Bureau Casualty Insurance Company ("Farm Bureau"), for Henry's policy limit of $100,000.00. Upon plaintiff's settlement with Farm Bureau, the workers' compensation carrier asserted a subrogation interest in the settlement for $27,257.01 which plaintiff settled for $9,085.67.

At the time of the accident, plaintiff was covered for under-insured motorist benefits under a policy issued in favor of Highland School District by defendant Shelter Mutual Insurance Company ("Shelter").

II. *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir. 2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Plaintiff brings this complaint seeking to recover under-insured motorist benefits from Shelter for injuries sustained as a result of the accident. Defendant contends that by settling with the workers' compensation, plaintiff has admitted that she has been made whole, and that she has assumed a position inconsistent with her seeking any monies from the workers' compensation carrier to make her whole and waived any right she might have to recover under her underinsured motorist policy.

In Arkansas under-insured motorist coverage only applies to damages in excess of the liability coverage available to the insured and a carrier's right to subrogation arises only after an injured employee has been made whole. Ark. Code Ann. § 11-9-410; *Travelers Ins. Co. v. O'Hara*, 350 Ark. 6, 10, 84 S.W.2d 419, 421 (2002) (citing *General Accident Insurance Co. v. Jaynes,* 343 Ark. 143, 153 (2000)); *Shelter Mut. Ins. Co. v. Nash*, 357 Ark. 581, 184 S.W.3d 425(2004).

As applied to this case, to recover any monies from defendant, plaintiff's damages must exceed $100,000.00 and plaintiff was not under any obligation to pay any subrogation claim until she had been fully compensated, i.e. "made whole."

In *Fowler v. Shelter Mutual Insurance, et al.*, 2008 WL 395007 (E.D. Ark 2008) which is a companion case brought by the driver of the Highland School bus, Wanda Fowler, United States District Judge William R. Wilson rejected these arguments. Judge Wilson found that

> The purpose of Arkansas Code Annotated § 11-9-410 is to "protect the rights of both the compensation carrier and the employee...." FN37 Here, Defendant Shelter is

> neither the employee nor the carrier, but an insurance company contesting its obligation to pay under an underinsured motorists policy. The case law cited by Defendant does not support its argument that Plaintiff admitted being made whole; there is neither evidence in the record nor case law that supports a conclusion that § 11-9-410 was intended to protect a party in Defendant Shelter's position. Case law does set out that an insurer cannot enforce its subrogation rights until an injured employee is made whole, but no precedent bans an injured employee and carrier from voluntarily settling-versus the carrier seeking to enforce its subrogation right-before the injured employee is made whole.

*Id.*

Defendant supplemented its brief after Judge Wilson's decision in the *Fowler* case arguing that Judge Wilson was in error, and reiterated that plaintiff has waived her right to underinsured benefits and is barred from any underinsured benefits based on the doctrine of inconsistent positions.

The Court cannot agree. Settlement of the subrogation claim for less than what would have been paid based upon the amount paid by the tortfeasor is not an admission that plaintiff has been made whole, and in no way waives her right to underinsured insurance or is inconsistent with her position that she has not been made whole. It was simply a settlement of a claim against her which in her mind was not ripe, but which she chose to settle to her advantage.

The Court concurs with Judge Wilson and finds that there are disputed facts over whether plaintiff has been "made whole" as there is no evidence on the record reflecting plaintiff's damages and defendant's motion is denied.

IT IS SO ORDERED THIS __3__ day of __March__, 2008.

_____
James M. Moody
United States District Judge